**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:25-CR-574** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **DIONTE DYKES,** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Defendant Dionte Dykes's ("Defendant" or Dykes") Motion to Set Aside the Order of Detention and for Release on Conditions Pending Sentencing filed on August 11, 2026 ("Defendant's Motion"). (Doc. No. 110.) On August 13, 2026, Defendant filed a Supplement to Defendant's Motion ("Defendant's Supplement") and on August 18, 2026, the United States of America filed a Response in Opposition to Defendant's Motion ("the Government's Opposition"). (Doc. Nos 112, 113.) For the reasons set forth below, Defendant's Motion is DENIED.

On August 12, 2026, Dykes entered into a plea agreement with the Government and pleaded guilty to eleven counts of the Indictment, including Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, and various substantive drug counts. (Doc. No. 111.) Since Dykes pleaded guilty to violations under 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) which carry maximum sentences of 40 years, he is subject to mandatory detention pending sentencing. *See* 18 U.S.C. §§ 3143(a)(2), (b)(2); 18 U.S.C. § 3142(f)(1)(C).

Pursuant to 18 U.S.C. § 3142(a)(2), this Court must order that Dykes be detained unless it finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the

person; and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. Dykes has not even attempted to demonstrate a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the Government will recommend that no sentence of imprisonment be imposed. (*See generally*, Defendant's Motion, Doc. No. 110 and Defendant's Supplement, Doc. No. 112.) That is because, as the Government points out, Dykes pleaded guilty with a plea agreement and in the plea agreement, the parties – to include the Government – agreed that they will recommend a Guidelines range that will result in a range of imprisonment and there is a mandatory minimum sentence for certain offenses to which he pleaded guilty. (Doc. No. 111.)

Dykes acknowledges that he "must first establish by clear and convincing evidence that he is not likely to flee and does not pose a danger to the safety or any other person or the community. Dykes attempts to do so by arguing that he has had only one single instance of non-appearance anywhere in his record since 2012, he has family in the Northern District of Ohio and the Eastern District of Michigan, and he has a verified position of employment waiting for him. Also, Dykes argues that his guilty plea reduces his risk of non-appearance because he stands to lose a three-level reduction for acceptance of responsibility and face an obstruction charge and forfeit the Government's agreement to dismiss Count 10 of the Indictment should he abscond.

This Court was aware of Defendant's single instance of non-appearance since 2012, the fact that he has family in the Northern District of Ohio and Eastern District of Michigan, and a verified position of employment waiting for him when on January 13, 2026, it issued its Memorandum Opinion and Order granting the Government's Motion to revoke his bond and ordering Dykes detained. (Doc. No. 69.) While the Court acknowledges the consequences of breaching his plea

agreement with the Government by absconding, the fact remains that knowing the potential sentence to be imposed, to include the mandatory minimum, he could abscond and never be located to face the consequences for his crimes. (See Information Copy of Court of Appeal's Order, affirming this Court's order revoking his bond, to wit: "This long history of possession, trafficking, and manufacturing narcotics, as well as multiple gun charges, substantiates that he poses a danger to others and raises serious doubts about his ability and willingness to abide by the conditions of his release." (Doc. No. 92, PageID # 612.)) Having reviewed and considered the arguments raised in Defendant's Motion and Defendant's Supplement, and the Exhibits attached thereto, the Court finds that Dykes has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community.

Having so found, the Court is not obligated to, but will, proceed to evaluate whether Dykes has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). The "exceptional reasons" offered by Dykes are that: he has been compliant while in custody[1]; the illness of his mother[2]; he was not charged with and did not plead guilty to any firearm offense[3]; a prior judicial finding that conditions of release are sufficient[4];

---

[11] The Court notes that Dykes's counsel represented that he "is aware of no disciplinary infraction, no incident report, and no allegation of misconduct arising from" Dykes's more than eight months in custody. (Doc No. 110, PageID # 692.) Also, attached to Defendant's Supplement as Exhibit D are thirty-eight certificates of completion that Dykes earned during his pretrial confinement. In Defendant's Supplement, Dykes also indicates that he has worked during his confinement and is a porter and has been placed in a supervisory role

[2] Exhibit C attached to Defendant's Motion, is purportedly a copy of a Physician's Note regarding Darnell R. Dykes indicating that the patient has a heart condition which limits her activities of daily living (it is difficult to read). The Court had a letter of support from Defendant's Mother advising that she needed her son's help, which it considered when it granted the Government's Motion to revoke Dykes's bond. Also attached to Defendant's Supplement is another letter from Dykes's mother. However, as the Court of Appeals noted, this is the very mother in whose home Dykes allegedly stored drugs and drug proceeds. (Doc. No. 92, PageID # 612.)

[3] The Court was also aware of this when it issued its Memorandum Opinion and Order revoking Dykes's bond.

[4] The Court was also aware of this when it issued its Memorandum Opinion and Order disagreeing with the judicial officer who granted the bond with conditions.

and character evidence from a lifelong family friend, specifically a letter from Rhonda King-Payton, attached as Exhibit B to Defendant's Motion.[5]

Having considered what Dykes has offered as extraordinary reasons to grant him a bond pending sentencing and the arguments and case law cited in the Government's Opposition, which are well-taken, the Court finds that they are not extraordinary reasons and denies Defendant's Motion.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: August 19, 2026

[5] A letter from this same friend of the family was also included in the materials submitted by Dykes's then-counsel requesting that the Court deny the Government's Motion to revoke Dykes's bond.